**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOE WAYNE JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1908-SLP** |
| | ) | |
| **KELLI DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Joe Wayne Johnson, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Doc. 1. United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Upon preliminary review, the Court determined the Petition was potentially subject to dismissal and ordered Petitioner to show cause why his Petition should not be dismissed for failure to state a § 2241 claim upon which relief can be granted. Doc. 4. The Court additionally ordered Petitioner either to pay the required $5.00 filing fee or, alternatively, to file a motion to proceed in forma pauperis. *Id.* For the reasons set forth below, the undersigned recommends dismissal of the Petition without prejudice. Dismissal would moot Petitioner's pending motion to proceed in forma pauperis.

## I. Petition

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence,

in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation modified). Petitioner alleges no facts challenging the execution of his sentence.

Instead, Petitioner seeks to challenge his underlying conviction and sentence in Case No. CF-2019-146 in Pottawatomie County, Oklahoma. *See generally* Doc. 1. As such, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

However, the Court informed Petitioner that it would decline to liberally construe the Petition and recharacterize it as a petition brought under § 2254 because:

- The Court lacks jurisdiction to hear a second or successive § 2254 petition and Petitioner has previously been denied relief in a § 2254 habeas action challenging his conviction and sentence in Case No. CF-2019-146. Doc. 4 at 2-3 (citing *Johnson v. Bridges*, No. CIV-24-297-SLP (W.D. Okla. Sept. 16, 2024)).

- Petitioner's claims appear to be meritless. In his two grounds for relief, he challenges his conviction and sentence on the basis that he "is an Indian," and Indians are "non-citizen[s] of the U.S. and its states" and therefore "exempt from their jurisdiction to prosecute." Doc. 1 at 7 (citation modified). However, it is well-settled that Indians are citizens of the United States. Doc. 4 at 3 (citing the Indian Citizenship Act, Act of June 2, 1924, ch. 233, 43 Stat. 253; and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1401(b)).

The Court informed Petitioner that it appears the relief he requests cannot be granted and ordered him to "**show cause in writing** why his Petition should not be dismissed for failure to state a § 2241 claim upon which relief can be granted." *Id*. The deadline for Petitioner's response to the order to show cause was August 18, 2026. *Id.* at 4. A review of the Court's ECF docket indicates Petitioner has not responded to the order to show cause; nor has he sought an extension of time in which to do so.

Accordingly, the undersigned recommends dismissing the Petition for failure to state a § 2241 claim upon which relief can be granted. *See Straley*, 582 F.3d at 1213 ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

## II. <u>Motion to proceed in forma pauperis</u>

Petitioner filed a motion to proceed in forma pauperis. Doc. 5. Adoption of this Report and Recommendation would moot the pending motion.

## III. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, without prejudice. Adoption of this recommendation would moot the pending motion to proceed in forma pauperis, Doc. 5. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **September 29, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of September, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE